**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **QUENTIN NEELY POPE,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **4:13-CV-0473-Y** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **ACTING COMMISSIONER OF SOCIAL** | § | |
| **SECURITY,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND**
**NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of

Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation

of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

*Pro-se* plaintiff Quentin Neely Pope ("Pope") filed this action pursuant to Sections

405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision

of the Commissioner of Social Security denying his claims for a period of disability and

disability insurance benefits ("DIB") under Title II and for supplemental security income ("SSI")

under Title XVI of the Social Security Act ("SSA"). In May 2011, Pope applied for DIB and

1

SSI, claiming that he had been unable to work since October 31, 2009.[1] (Transcript ("Tr.") 13; *see* Tr. 137-154.) His applications were denied initially and on reconsideration. (Tr. 13, 73-80, 87-94.) An ALJ held a hearing on November 14, 2012 and issued a decision on January 22, 2013 that Pope was not disabled. (Tr. 13-27; Tr. 33-67.) Pope filed a written request for review of the ALJ's decision, and the Appeals Council denied the request on April 19, 2013, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 1-6.)

## II.    STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920 (2009). First, the claimant must

---

[1] The Court notes that, in his decision, the ALJ states Pope protectively filed an application for a period of disability and DIB insurance benefits on February 17, 2011 and protectively filed an application for SSI on April 28, 2011. (Tr. 13.) However, according to the applications, it appears that Pope filed such applications in May 2011. (Tr. 137-54.)

not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a

3

responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.    ISSUES

After a reading of Pope's *pro se* brief, the Court discerns that he is presenting the following issue:  Whether the ALJ erred in denying his applications for DIB and SSI by failing to consider his vision impairment.  (Plaintiff's Brief ("Pl.'s Br.") at 1-2.)

### IV.    ALJ DECISION

In his January 22, 2013 decision, the ALJ found that Pope had not engaged in any substantial gainful activity since October 31, 2009, his alleged onset date of disability.  (Tr. 15.) The ALJ further found that Pope suffered from the following severe impairments:  "panic disorder with agoraphobia, insulin-dependent diabetes mellitus, and morbid obesity, and he is status post a myocardial infarction."  (Tr. 16.)  Next, the ALJ held that none of Pope's impairments, or combination of impairments, met or equaled the severity of any impairments in the Listing.  (Tr. at 16-17.)  As to Pope's residual functional capacity ("RFC"), the ALJ stated:

> The claimant has the following residual functional capacity: lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; sit throughout an 8-hour workday; stand or walk (individually or in combination) for 4 hours in an 8-hour workday; and otherwise perform the full range of light work, except: he can only

4

> occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; he
> cannot climb ladders, scaffolds, or ropes; and he is limited to occupations with a
> reasoning development level of 1 or 2 (as defined by the *Dictionary of
> Occupational Titles).*

(Tr. 17 (emphasis omitted).)  Next, the ALJ found that Pope was unable to perform any of his

past relevant work.  (Tr. 25).  However, considering Pope's age, education, work experience, and

RFC, the ALJ concluded, based upon the vocational expert's opinion that there were jobs that

existed in significant numbers in the national economy, that Pope was not disabled.  (Tr. 25-26.)

## V.    DISCUSSION

### A.  Evidence Regarding Alleged Vision Impairment

In his brief, Pope states that he is appealing his case because he was wrongfully denied

his claims for disability due to his poor eyesight.  (Pl.'s Br. at 1.)  Pope claims that after he was

denied, he refiled a new case and was granted social security benefits as a result of his

"blindness."  (Pl.'s Br. at 1.)  Pope claims that this shows he was wrongfully denied his backpay

and disability in the present case.  (Pl.'s Br. at 1.)  Pope claims that he presented evidence of his

poor vision at the hearing before the ALJ as well as in documents that he submitted to the

Appeals Council after the ALJ denied his claims.  (Pl.'s Br. at 1-2.)

At the November 14, 2012 hearing, Pope testified that he had not been able to see for

several months because his eyes were "going bad" because of his diabetes.[2]  (Tr. 44.)  Pope

further stated that he stopped driving because he could not "see the red and green lights and

everything" and he could not see "the lines in the middle of the road to stay in the lane [he]

needed to be in."  (Tr. 44.)  In addition, Pope submitted the following to the Appeals Council:

---

[2] The Court notes that the ALJ did list diabetes as one of Pope's severe impairments.

(1) an undated prescription[3] from Daniel Morais, O.D. ("Dr. Morais") that states: "Pt[.] has clinically significant macular edema 2° to proliferative diabetic retinopathy.  Pt[.]'s best corrected vision is 20/200 R & L eye w/ present glasses and best correction. Pt[.] need not get new pair of glasses.  [R]ecommend laser surgery" and (2) an examination record dated February 27, 2013 that shows Pope was diagnosed with "clinically signif[icant] macular edema OD>OS with [illegible]." (Tr. 749).

As to the evidence Pope presented at the hearing before the ALJ regarding his vision impairment, the Court notes that isolated comments by a claimant are insufficient, without further support, to raise a suspicion of a non-exertional impairment.[4]  *See, e.g., Harper v. Barnhart*, 176 F. App'x 562, 566 (5th Cir. 2006) (holding that claimant's allegations of cardiac neurosis, which was not listed in her original application for benefits and was only referenced in the medical expert's description of its symptoms, were the kind of isolated comments that were insufficient to raise suspicion of a non-exertional impairment); *Pierre v. Sullivan*, 884 F.2d 799, 802-03 (5th Cir. 1989) (holding isolated comments about claimant's low intelligence insufficient to raise suspicion that claimant was mentally retarded).  Prior to the ALJ's decision, it appears that Pope's only references to his alleged vision impairment were a couple of general references to "poor" or "blurry" vision (*see, e.g.*, Tr. 373, 410, 588) and his testimony made at the hearing before the ALJ (Tr. 44).  Pope did not mention such impairment in his original request for

---

[3] The Court notes that the prescription is actually dated July 23, 1969, but this appears to be Pope's date of birth.  (Tr. 747.)

[4] "Nonexertional abilities are those, such as manual dexterity, vision and hearing, that do not directly affect the primary strength activities, but may affect a claimant's ability to work and thus reduce the potential occupational base." *Williams v. Astrue*, No. 11-1404, 2012 WL 2023361, at *7 (E.D. La. May 15, 2012).

benefits (*see, e.g.*, Tr. 167, 193, 203) and there is no evidence he sought medical treatment **specifically** for such impairment until after the ALJ's decision. In addition, there is medical evidence in the record that shows that Pope consistently denied loss of vision and had essentially normal eye examinations during the relevant time period. (*See, e.g.*, Tr. 364, 366-67, 371, 451, 577-78, 583, 595.) Moreover, Pope's testimony at the hearing pointed to no evidence indicating that his poor vision affected his ability to work. *See Wilson v. Barnhart*, 210 F. App'x 448, 450-51 (5th Cir. 2006) (finding that the ALJ did not err in failing to consider a possible mental impairment when there was a reference to "possible depression" in one page out of hundreds of pages of medical records); *Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (no evidence that an alleged impairment precluded employment). Consequently, the Court finds that Pope's allegations at the hearing that he suffered from a vision impairment were the kind of isolated comments which are insufficient to raise a suspicion of such impairment.

As to the two documents presented to the Appeals Council, Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply

7

because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham II*, 163 F. App'x at 281-82).

Based on the foregoing, the issue before the Court is whether "the new evidence diluted the record to such an extent that the ALJ's determination became insufficiently supported." *Lee*, 2010 WL 3001904, at *8. In this case, the new material submitted by Pope to the Appeals Council merely shows that on or around February 27, 2013 Pope was diagnosed with macular edema. However, there is no indication that the diagnosis was made during the relevant period, which was on or before the ALJ issued his decision on January 22, 2013. *See* 20 C.F.R. § 404.970(b). Moreover, there is no evidence that such impairment affected Pope's ability to work. Thus, the Court finds that the new evidence does not dilute the record to such an extent that the ALJ's determination became insufficiently supported. Consequently, there was no error and remand is not required.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 29, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

9

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 15, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

10